# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LAMONT DOWD, | CASE NO. 1:07-cv-01505 OWW DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| JAMES YATES, et al., | (Docs. 16 and 17) |
| Defendants. | OBJECTION DUE WITHIN TWENTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.     Procedural History**

Plaintiff Rodney Lamont Dowd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 15, 2007. On June 17, 2008, the Court screened plaintiff's first amended complaint and found that Plaintiff's complaint stated a cognizable claim for relief against Defendant Defosses for violation of the Eighth Amendment, but did not state any other claims. (Doc. 14). Plaintiff was ordered to file a second amended complaint or to notify the Court of his willingness to proceed only on his cognizable claims. Now pending before the Court is Plaintiff's second amended complaint, filed July 8, 2008, and Plaintiff's addendum to his complaint, filed July 11, 2008. (Docs. 16, 17.)

**II.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.    Summary of Plaintiff's Claim**

Plaintiff is currently housed at Kern Valley State Prison. The events at issue in this action occurred at Pleasant Valley State Prison. Plaintiff names Warden James Yates, Correctional Sergeant J. Teater and Correctional Officers Argurraide, Jenan, A. Defosses, K. Ward, M. McCollum, S. Meyst and Bonner as defendants. Plaintiff seeks money damages.

Plaintiff alleges that on August 22, 2007, defendant Argurraide informed plaintiff that he would be moved to the gymnasium. Plaintiff informed defendant Argurraide that he would rather be placed in Administrative Segregation. Plaintiff alleges that defendant Teater later arrived at his cell and called for more officers. Defendant Defosses arrived, and defendant Teater ordered defendant Bonner, who was at the control booth tower, to open the cell door. Defendants Defosses, Argurraide and Jenan entered plaintiff's cell. Plaintiff alleges that defendant Defosses attempted to grab plaintiff, causing plaintiff to fall on the floor. Plaintiff alleges that defendants Defosses and Argurraide then grabbed plaintiff's arm, that defendant Defosses slammed plaintiff on the ground

and that he and defendant Ward sat on plaintiff's back. Plaintiff alleges that defendant Jenan handled plaintiff roughly and that both defendants Teater and Jenan were also complicit in the attack. Plaintiff alleges that defendant Ward and McCollum snatched at plaintiff, causing plaintiff to dislocate his shoulder. Plaintiff alleges that defendant Meyst assisted the other correctional officers during the attack and was complicit during the assault.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff states a cognizable claim against defendants Argurraide, Jenan, Ward, Defosses,

3

Teater, Meyst, and McCollum for use of excessive force, in violation of the Eighth Amendment. However, plaintiff fails to state a claim upon which relief may be granted against defendants Bonner or defendant Yates.

Plaintiff's allegations that defendant Bonner opened plaintiff's cell door on the Sergeant's orders is insufficient to state a claim. Plaintiff does not allege that defendant Bonner applied any force to plaintiff, and concedes that defendant was 100 yards away when the incident occurred. An officer can be held liable for failing to intercede only if he had a "realistic opportunity" to intercede. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995). Plaintiff has not alleged sufficient facts to state a claim that defendant Bonner failed to intercede, nor has Plaintiff alleged facts sufficient to state a claim that defendant Bonner "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. 825, 837; 114 S.Ct. 1970 (1994). Finally, plaintiff's allegation that defendant Bonner gave a fabricated report of the incident does not rise to the level of a constitutional violation.

With respect to defendant Yates, Plaintiff makes no allegations whatsoever concerning any involvement by the Warden in the incident giving rise to this claim. Plaintiff fails to state a claim upon which relief may be granted against defendant Yates.

Plaintiff was previously provided with the legal standards most applicable to his claim, but still is unable to cure the deficiencies identified by the Court. The Court shall therefore recommend that plaintiff's claims against defendants Bonner and Yates be dismissed, with prejudice.

**IV.     Conclusion and Recommendation**

The Court finds that Plaintiff's second amended complaint states claims under section 1983 against defendants Argurraide, Jenan, Ward, Defosses, Teater, Meyst, and McCollum for violation of the Eighth Amendment. However, plaintiff fails to state a claim upon which relief may be granted against defendants Bonner and Yates. Plaintiff has already amended his complaint twice, once pursuant to the order of this Court, but has not cured the deficiencies previously identified by the Court despite having been provided with the applicable legal standards. Accordingly, the Court recommends that further leave to amend not be granted, and this action be ordered to proceed only on those claims identified herein as cognizable. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

1987).

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's second amended complaint, filed July 8, 2008, and addendum to Plaintiff's second amended complaint filed July 11, 2008, against Defendants Argurraide, Jenan, Ward, Defosses, Teater, Meyst, and McCollum for violation of the Eighth Amendment; and

2. Plaintiff's claims against Defendants Bonner and Yates be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983, and that these defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 15, 2008**               **/s/ Dennis L. Beck**
                                             UNITED STATES MAGISTRATE JUDGE