# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LAMONT DOWD, | Case No. 1:07-cv-01505-OWW-DLB (PC) |
| Plaintiff, | ORDER STRIKING SURREPLY |
| v. | (Doc. 51) |
| J. TEATER, et al., | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BE GRANTED AND THIS ACTION BE DISMISSED WITHOUT PREJUDICE |
| Defendants. | |
| | (Doc. 36) |
| / | OBJECTIONS DUE WITHIN 30 DAYS |

**I.   Findings and Recommendations**

  **A.   Procedural History**

Plaintiff Rodney Lamont Dowd ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint, filed on July 8, 2008, against S. Meyst, J. Teater, J. Argurraide, M. Jenan, K. Ward, A. Defosses, and McCollum for excessive force in violation of the Eighth Amendment.[1] On April 27, 2009, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), Defendants J. Teater, M. Jenan, K. Ward, A. Defosses, and M. McCollum filed

---

[1] S. Meyst and J. Argurraide have not appeared in this action. All other claims and defendants were dismissed from the action for failure to state a claim upon which relief may be granted. (Docs. 18, 20.)

1

1  a motion to dismiss based on Plaintiff's failure to exhaust available administrative remedies in
2  compliance with 42 U.S.C. § 1997e(a).  (Doc. 36, Defs.' Mot. To Dismiss.)  On July 2, 2009,
3  Plaintiff filed his opposition and supplement to his opposition after receiving an extension of
4  time.  (Doc. 47, Pl.'s Opp'n; Doc. 48, Supplement to Opp'n.)[2]  On July 8, 2009, Defendants filed
5  their reply to Plaintiff's opposition.  (Doc. 49, Defs.' Reply.)  The matter is deemed submitted
6  pursuant to Local Rule 78-230(m).

7  On July 21, 2009, Plaintiff filed a document entitled, "Supplemental Writ to Attorney
8  General's Motion to Dismiss."  (Doc. 51.)  This appears to be a surreply.  Surreplies are not
9  generally allowed under the Local Rules of this Court.  The Court neither request nor granted
10 permission for Plaintiff to file a surreply.  Plaintiff's surreply IS HEREBY ORDERED
11 STRICKEN.

### B. Summary of Plaintiff's Second Amended Complaint

Plaintiff alleges that on August 22, 2007, while housed at Pleasant Valley State Prison, Argurraide informed Plaintiff that he would be moved to the gymnasium.  Plaintiff informed Argurraide that he would rather be placed in administrative segregation.  Plaintiff alleges that Defendant Teater later arrived at Plaintiff's cell and called for more officers.  Defendant Defosses arrived, and Defendant Teater ordered Officer Bonner, who was at the control booth tower, to open the cell door.  Defendants Defosses, Jenan, and Argurraide entered Plaintiff's cell. Plaintiff alleges that Defendant Defosses and Argurraide then grabbed Plaintiff's arm, that Defendant Defosses slammed Plaintiff on the ground, and that he and Defendant Ward sat on Plaintiff's back.  Plaintiff alleges that Defendant Jenan handled Plaintiff roughly and that both Defendants Teater and Jenan were also complicit in the attack.  Plaintiff alleges that Defendants Ward and McCollum snatched at Plaintiff, causing Plaintiff to dislocate his shoulder.  Plaintiff alleges that Officer Meyst assisted the other correctional officers during the attack and was complicit in the assault.

//

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 10, 2009.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 23.)

### C. **Failure to Exhaust Administrative Remedies**

#### *1. Legal Standard*

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S. Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S. Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (Deering 2009). The process is initiated by submitting a CDC Form 602. Id. § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. §§ 3084.5, 3084.6(c). In order to

3

1  satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their
2  claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 86 (2006); McKinney, 311 F.3d at
3  1199-1201.

4       Plaintiff does not have to name each defendant in his grievance form. See Jones v. Bock,
5  549 U.S. 218-19 (2007) ("The level of detail necessary in a grievance to comply with the
6  grievances procedures will vary from system to system and claim to claim, but it is the prison's
7  requirements, and not the PLRA, that define the boundaries of proper exhaustion . . . .
8  [E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in
9  the grievances."). The inmate appeal form CDC-602 does not require identification of specific
10 individuals. See Cal. Code Regs., tit. 15 § 3084.2(a).

11      **2.** *Argument*

12      Defendants contend the following. On September 6, 2007, Plaintiff submitted a CDC
13 602 inmate appeal for the alleged August 22, 2007 excessive force incident. (Doc. 36-2, Mem.
14 Of P. & A. In Support Of Mot. To Dismiss 2:17-18.) On October 11, 2007, a memorandum was
15 sent to Plaintiff informing him that the appeal was being processed as a staff complaint, and that
16 the appeal had been partially granted at the first level in that an inquiry had been conducted
17 concerning his allegations. (Mem. Of P. & A. 2:18-21.) Plaintiff did not submit his inmate
18 appeal for Director level review until July 24, 2008. (Mem. Of P. & A. 3:1-2.) On August 13,
19 2008, Plaintiff was informed that his grievance was screened out at the Director's level as
20 untimely. (Mem. Of P. & A. 3:1-2.) Plaintiff filed this action on October 15, 2007. (Doc. 1,
21 Pl.'s Compl.) Defendants contend that: 1) Plaintiff did not exhaust administrative remedies prior
22 to commencing this action and 2) Plaintiff did not properly exhaust administrative remedies.

23      Plaintiff contends that the reviewers of his 602 appeals delayed in answering Plaintiff's
24 request as to what part of the 602 inmate appeal was partially granted. (Doc. 47, Pl.'s Opp'n.)
25 Plaintiff contends that any failure on Plaintiff's part to comply with the appeals process was due
26 to prison officials' delay.

27      Grievance No. PVSP-07-02904, the appeal concerning the alleged excessive force
28 incident, was received on September 6, 2007. (Doc. 36-4, G. Duran Decl., Exh. A.) Plaintiff

4

1 requested that the officers involved face consequences for their misconduct, and that Plaintiff be
2 reimbursed for his property damage. (Doc. 36-4, G. Duran Decl., Exh. A.) It was treated as a
3 staff complaint, and on October 11, 2007, First Level review was completed. (G. Duran Decl.,
4 Exh. C.) First Level review partially granted Plaintiff's request "as an inquiry into [Plaintiff's]
5 allegation [had] been conducted." (G. Duran. Decl., Exh. C.) On November 27, 2007, the
6 Second Level review was completed. (G. Duran. Decl., Exh. D.) Plaintiff's request for
7 administrative action against prison staff was denied. (G. Duran. Decl., Exh. D.) Plaintiff
8 submitted PVSP-07-02904 on July 24, 2008 to the Director's Level. (Doc. 36-3, N. Grannis
9 Decl., Exh. A.) On August 13, 2008, Plaintiff's grievance was screened out as untimely. (N.
10 Grannis Decl., Exh. A.)

11 Defendants have met their burden regarding Plaintiff's failure to exhaust administrative
12 remedies. Plaintiff clearly did not exhaust administrative remedies prior to the commencement
13 of this action. Plaintiff did not attempt appeal to the Director's Level until July 24, 2008, well
14 after Plaintiff commenced this action on October 15, 2007. Plaintiff did not comply with the
15 Prison Litigation Reform Act and gives no viable justification for this non-compliance.

16 Plaintiff also failed to properly exhausted administrative remedies. Second Level review
17 of PVSP-07-02904 occurred on November 27, 2007. Plaintiff did not appeal PVSP-07-02904 to
18 the Director's Level for review until July 24, 2008. Plaintiff, as required under prison litigation,
19 has 15 working days after receiving the lower level decision within which to submit his appeal.
20 Cal. Code Regs., tit. 15 § 3084.6(c). Plaintiff gives no good explanation for his failure to comply
21 with prison regulation. Plaintiff's contention that Defendants delayed in answering Plaintiff's
22 request as to what part of the grievance was partially granted is not persuasive. Plaintiff was
23 informed that the only part of Plaintiff's grievance which was granted was the inquiry into the
24 alleged staff misconduct. Plaintiff's request for any further action was denied, as made clear in
25 the First Level response.

26 Accordingly, Defendants' motion to dismiss for failure to exhaust administrative
27 remedies should be granted, and this action be dismissed without prejudice.
28 //

5

I.       **Conclusion and Recommendations**

Based on the foregoing, the Court HEREBY ORDERS that Plaintiff's surreply, filed on July 21, 2009, is STRICKEN.  The Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust administrative remedies, filed on April 27, 2009, should be GRANTED, and this action be DISMISSED without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 13, 2009**                                      **/s/ Dennis L. Beck**
                                                                                    UNITED STATES MAGISTRATE JUDGE