UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LAMONT DOWD,<br><br>        Plaintiff,<br><br>   v.<br><br>J. TEATER, et al.,<br><br>        Defendants.<br>_____/ | Case No. 1:07-cv-01505-OWW-DLB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART<br><br>(Doc. 56) |

    Plaintiff Rodney Lamont Dowd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint, filed on July 8, 2008, against defendants S. Meyst, J. Teater, J. Argurraide, M. Jenan, K. Ward, A. Defosses, and McCollum for excessive force in violation of the Eighth Amendment.[1]  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

---

[1] S. Meyst and J. Argurraide have not appeared in this action.  All other claims and defendants were dismissed from the action for failure to state a claim upon which relief may be granted.  (Docs. 18, 20.)

1

636(b)(1)(B) and Local Rule 302.

On October 14, 2009, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objection to the Findings and Recommendations was to be filed within thirty days. On December 21, 2009, after receiving an extension of time, Plaintiff filed his Objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Plaintiff's objections do not support a finding that Plaintiff exhausted his administrative remedies prior to initiating this action. Plaintiff contends that he asked what part of his 602 inmate appeal was partially granted at the first level. Plaintiff contends that it was the prison officials' delay in answering Plaintiff that caused him to not properly exhaust. Plaintiff's contentions fail to dispute the evidence submitted by Defendants in support of the motion to dismiss.[2]

On November 17, 2009, Plaintiff was granted leave to submit new service documents for the United States Marshal to re-attempt

---

[2] On August 28, 2007, Plaintiff submitted a 602 inmate grievance complaining of Defendant officers' conduct and requesting punishment, reimbursement for property damage, and an apology. (Doc. 36, Mot. To Dismiss, Ex. B.) Plaintiff received a response at the first level of review on October 11, 2007, which partially granted Plaintiff's appeal in that an inquiry was conducted. Plaintiff was advised to submit his staff complaint through all levels of appeal if he sought further relief. On November 7, 2007, Plaintiff submitted his inmate appeal to the second level of review, requesting an explanation of what portion of his appeal had been granted. On November 29, 2007, Plaintiff received a response, indicating that his appeal was partially granted in that a staff inquiry had been made, and to appeal to the Director's level if he was dissatisfied. Any delay in exhaustion of administrative remedies was on the part of Plaintiff, not prison officials.

Plaintiff's citation of Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005) is unavailing. Plaintiff here could have obtained further relief via the administrative process.

2

service on Defendants Meyst and Argurraide, who have yet to appear before the Court.  Dismissal of the action at this time would be premature.  The Court thus declines to adopt the Magistrate Judge's recommendation of dismissal of the action without prejudice.

    Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 14, 2009, is adopted in part;
2. Defendants' motion to dismiss for Plaintiff's failure to exhaust administrative remedies, filed April 27, 2009, is granted;
3. Defendants J. Teater, M. Jenan, K. Ward, A. Defosses, and M. McCollum are dismissed from the action; and

///
///

4. This action proceeds against Defendants Meyst and Argurraide.

IT IS SO ORDERED.

**Dated:   March 18, 2010**                **/s/ Oliver W. Wanger**
                                                UNITED STATES DISTRICT JUDGE