# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LAMONT DOWD,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-CV-01505-OWW-DLB PC<br><br>ORDER GRANTING NUNC PRO TUNC MOTION FOR EXTENSION OF TIME TO FILE MOTION TO DISMISS (DOC. 71)<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION REGARDING CASE STATUS AS MOOT (DOC. 75)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT MEYST'S MOTION TO DISMISS BE GRANTED (DOC. 73)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

**Findings And Recommendation**

I. **Background**

    A. **Procedural History**

Plaintiff Rodney Lamont Dowd ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's second amended complaint against Defendants S. Meyst and Defendant Arguerralde[1] for violation of the Eighth Amendment. On May 4, 2010, Defendant Meyst filed a motion to dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to exhaust his administrative remedies.

---

[1] Defendant Arguerralde has not been served in this action. Defendants Defosses, Jenan, McCollum, Teater, and Ward were dismissed from this action pursuant to this Court's order filed on March 22, 2010. Doc. 70.

1

Doc. 73, Def. Meyst's Mot. Dismiss.  Plaintiff filed his opposition on May 26, 2010.  Doc. 76, Pl.'s Opp'n.[2]  Defendant filed his reply on June 1, 2010.  Doc. 77, Reply.  The matter is submitted pursuant to Local Rule 230(l).  The Court will first adjudicate Defendant's motion for extension of time, filed April 6, 2010, and Plaintiff's motion regarding case status, filed May 24, 2010.

### B.     Motion For Extension of Time

On April 6, 2010, Defendant filed a motion for extension of time to file his motion to dismiss nunc pro tunc.  Doc. 71.  The Court finds good cause to grant this motion.  It is HEREBY ORDERED that Defendant's motion for extension of time is granted.

### C.     Motion Regarding Case Status

On May 24, 2010, Plaintiff filed a motion entitled "Request Answer to Past Writ of Motion To Dismiss on C/O Defosses Jenan, McCollum, Teater, and Ward Motion To Dismiss." Plaintiff is requesting a status update regarding whether his case is still pending.  As stated previously, Defendants Defosses, Jenan, McCollum, Teater, and Ward were dismissed from this action by order filed on March 22, 2010, for Plaintiff's failure to exhaust administrative remedies.  As of the date of this order, Defendants Meyst and Arguerralde remain in this action. Accordingly, Plaintiff's motion is DISREGARDED.

### D.     Summary of Second Amended Complaint

Plaintiff alleges that on August 22, 2007, while housed at Pleasant Valley State Prison ("PVSP"), Defendant Arguerralde informed Plaintiff that he would be moved to the gymnasium. Plaintiff informed Defendant Arguerralde that he would rather be placed in administrative segregation.  Plaintiff alleges that Officer Teater later arrived at Plaintiff's cell and called for more officers.  Officer Defosses arrived, and Officer Teater ordered Officer Bonner, who was at the control booth tower, to open the cell door.  Officers Defosses, Jenan, and Arguerralde entered Plaintiff's cell.  Plaintiff alleges that Officers Defosses and Arguerralde then grabbed Plaintiff's arm, that Officer Defosses slammed Plaintiff on the ground, and that he and Ward sat on

---

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on February 10, 2009. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Doc. 23.

2

Plaintiff's back. Plaintiff alleges that Officer Jenan handled Plaintiff roughly and that both Officers Teater and Jenan were also complicit in the attack. Plaintiff alleges that Officers Ward and McCollum snatched at Plaintiff, causing Plaintiff to dislocate his shoulder. Plaintiff alleges that Defendant Meyst assisted the other correctional officers during the attack and was complicit in the assault.

## II. Failure To Exhaust Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust non-judicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

    **B.**        **Analysis**

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1. The process is initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not *always* require pursuit of an appeal through the Director's Level of review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

Defendant contends that this action should be dismissed because Plaintiff failed to exhaust his administrative remedies. Doc. 73, Mem. P. &. A. Support Mot. Dismiss 5:24-25. Defendant contends that Plaintiff did not exhaust his inmate grievance at the Director's level of review. *Id.* 5:25-6:3. Defendant further contends that Plaintiff did not attempt to exhaust administrative remedies prior to filing this action. *Id.* 6:4-9. Defendant submits as evidence in support declarations from N. Grannis, chief of the Inmate Appeals Branch, and G. Duran, appeals coordinator at PVSP. Doc. 73-2, N. Grannis Decl.; Doc. 73-3, G. Duran Decl.

A review of the submitted exhibits indicates that Plaintiff submitted grievance No. PVSP-07-02904 regarding this alleged force incident on August 8, 2007. Doc. 73-3, G. Duran Decl., Ex. B. It was re-categorized as a staff complaint and went to first level review on September 11, 2007. *Id.* On October 11, 2007, the response was completed. G. Duran Decl., Ex. C. Plaintiff received his response on October 29, 2007. *Id.*, Ex. B. On November 1, 2007, Plaintiff submitted his grievance to the second level of review. *Id.*, Ex. B. The second level response was

4

1  completed on November 27, 2007, *id.*, Ex. D, and Plaintiff received the response on November
2  29, 2007, *id.*, Ex. B.  Plaintiff did not submit his grievance to the Director's level of review until
3  July 24, 2008.  Doc. 73-2, N. Grannis Decl. ¶ 4; Ex. A.  The Director's Level screened out
4  Plaintiff's grievance on August 13, 2008 as untimely.  *Id.*

5        The Court finds that Defendant Meyst has met his burden of demonstrating Plaintiff did
6  not exhaust his administrative remedies.  The burden thus shifts to Plaintiff to demonstrate that
7  he exhausted all administrative remedies as were available.

8        Plaintiff in opposition contends that he was denied the opportunity to properly exhaust his
9  administrative remedies.  Pl.'s Opp'n 1-2.  Plaintiff contends that he inquired as to what the
10 response was to his grievance at the second level of review, but received no response, which
11 explained his delay in seeking third level review.  *Id.*  Plaintiff cites to *Brown*, 422 F.3d 926, in
12 support.  *Id.*

13       Defendant in reply contends that Plaintiff's arguments are without merit.  Def.'s Reply 2-
14 3.  Defendant contends that Plaintiff's grievance requested three things (1) an investigation; (2)
15 reimbursement for property damage; and (3) an apology.  *Id.* at 3:17-28.  Defendant contends that
16 Plaintiff did not receive the latter two and was informed that if he was dissatisfied, he should
17 submit his grievance to the next level of review.  *Id.*  Defendant contends that *Brown* does not
18 support Plaintiff's argument because he had available remedies at the Director's Level of review.

19       The Court finds Plaintiff's arguments unavailing.  Plaintiff is not contending that he did
20 not receive the first or second level review responses. Plaintiff had requested further information
21 at the second level of review as to what portion of his grievance had been granted at the first
22 level of review.   Having examined the second level response, it is clear what portion of the
23 grievance was granted (i.e., the investigation), and what was not (i.e., the property reimbursement
24 and apology).  Plaintiff thus did receive the requested information he asked for in his appeal to
25 the second level of review.  Plaintiff does not cite to any case law, statute, or regulation in
26 support of his argument that he is not responsible for exhausting administrative remedies in this
27 instance, and the Court is not aware of any such authority.  Because Plaintiff failed to properly
28 exhaust his administrative grievances, the Court recommends dismissal of Defendant Meyst from

this action without prejudice. *Wyatt*, 315 F.3d at 1119-20.

### III.     Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's nunc pro tunc motion for extension of time to file a motion to dismiss, filed April 6, 2010, is GRANTED; and

2. Plaintiff's motion regarding case status, filed May 24, 2010, is DISREGARDED as moot.

Furthermore, it is HEREBY RECOMMENDED that Defendant Meyst's motion to dismiss pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff has failed to exhaust his administrative remedies, should be GRANTED, and Defendant Meyst be DISMISSED from this action without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 8, 2010**                           /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE